76345. DIVERSIFIED ASSEMBLY, INC. et al. v. RA-LIN & ASSOCIATES.
(368 SE2d 786)

Banke, Presiding Judge.

The appellants contracted with the appellee for the construction of a building. A dispute later arose between the parties, which was submitted to arbitration in accordance with the terms of the contract. Ten days after the initial arbitration hearing, the appellee requested that the arbitrator reopen the hearing pursuant to the "Construction Industry Arbitration Rules" in order to conduct an on-site inspection of the facility. The inspection was carried out; and within 30 days thereafter, an award was issued in favor of the appellee.

The appellants petitioned the superior court to vacate the award based on the fact that it had not been issued within 30 days of the initial hearing. The appellee, in turn, sought confirmation of the award. Relying on OCGA § 9-9-93, the trial court entered an order confirming the award, concluding that the appellants had made "no contention or showing that the inspection and the resulting delay in the entry of the award prejudiced their rights." This appeal followed. *Held*:

OCGA § 9-9-93 (b) provides that an arbitrator's award shall be vacated if the court finds that the rights of a party were prejudiced by inter alia, "(4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection." Although OCGA § 9-9-90 (b) specifies that "[u]nless otherwise provided by the agreement, the award shall be made within 30 days following the close of the hearing or within such time as the court orders," it further specifies that "[a] party waives the objection that an award was not made within the required time unless he notifies the arbitrators of his objection prior to the delivery of the award to him."

The record in this case contains no showing that the appellants objected to the timeliness of the award prior to its issuance and delivery to them. Therefore, the appellants' contention that the trial court erred in confirming the award is without merit.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED APRIL 8, 1988 —
REHEARING DISMISSED APRIL 25, 1988.

*Charles V. Choyce, Jr.*, for appellants.
*G. Michael Hartley*, for appellee.